UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
-------------------------------------------------X
HAKAN YALINCAK,                          :
                                         :
              Plaintiff,                 :
                                         :
V.                                       :     CIVIL CASE NO:
                                         :
CORMAC B. MEEHAN,                        :
                                         :
              Defendant.                 :
-------------------------------------------------X
```

## COMPLAINT AND JURY DEMAND

As and for his Complaint, the Plaintiff, Hakan Yalincak, hereby alleges as follows:

## I. PRELIMINARY STATEMENT

1. This Complaint arises from the intentional, defamatory, fraudulent, inaccurate, malicious, and negligent misrepresentations of the Defendant through, which Cormac B. Meehan ("Cormac") gained fraudulent admission to the New York University ("University") claiming to be the Plaintiff, Hakan Yalincak's ("Yalincak"), "Irish Cousin" and representing, inter alia, that The Omer Bulent Yalincak and Ayferafet Yalincak Family Foundation's ("Foundation") contemplated gift to the University was contingent on his [Cormac's] admission to the University. See, The Omer B. Yalincak and Ayferafet Yalincak Family Foundation v. Thomas Capital Management et al, Case No. CV-06-5000975-S[1]; see also, The Omer B. Yalincak and Ayferafet Yalincak Family Foundation v. Cormac B. Meehan, Case No. CV-06-5001386-S[2]. As a result, subsequently on March 30, 2004, Debra LaMorte ("LaMorte"), Senior Vice

---

[1] Judicial District of New Haven, Meriden Superior Court.
[2] Judicial District of New Haven, Stamford-Norwalk Superior Court.

1

President of Alumni Relations of the University, met with the former General Counsel and Secretary to the Foundation (hereinafter referred to as "John Doe"). Subsequently, as a result of the said meeting, on April 2, 2004 Cormac received a waitlist letter from Barbara F. Hall ("Hall"), Admission Provost of the University, and an admission letter from the University in May 2004. In addition, through the said counsel, the defendant received a $106,000.00 Scholarship from the Foundation of which approximately $16,000.00 was disbursed to Cormac[3]. Subsequently, the Foundation through the said counsel entered into two Gift Agreements dated July 2, 2004, and September 24, 2004 providing for various cash and non-cash gifts over a number of years totaling $21 million. Subsequently, on or about September 1, 2004 Cormac commenced his attendance at the University General Studies Program, and on September 28, 2004, the said counsel delivered to the University, pursuant to the Gift Agreements, $1.25 million in funds as performance under the said Agreements. Thereafter, upon discovery of the intentional, defamatory, fraudulent, malicious, and negligent misrepresentations of the defendant, the Plaintiff and the Foundation have: (a) rescinded the Scholarship on January 4, 2006; (ii) commenced an action against Meehan; (iii) advised the defendant in writing on April 18, 2006, April 27, 2006, May 11, 2006, October 4, 2006, October 27, 2006, October 28, 2006, and December 14, 2006 to cease and desist from representing himself to be associated, related, or a member, in any way, shape, or form, without limitation, of the Yalincak family and Yalincak Family Foundation; and (iv) advised the University of the foregoing . Despite the foregoing, Cormac continues to be a student at the University and continues to enjoy the benefits of his fraud. The Plaintiff has exhausted all available

---

[3] See 1n.1

administrative remedies and have been forced to expend time and money to respond to the foregoing issues and been damaged by the joint actions of the defendants. Most disturbing, the Plaintiff has learned that the defendant, Cormac, had used numerous credit cards belonging to the Plaintiff's sister and parents, and had previously been under investigation for suspicious behavior in connection with illegal activity on numerous yahoo chat groups (i.e., underage). Absent declaratory and injunctive relief from this Court the Plaintiff will continue to be so damaged and will have no adequate remedy at law. For all these reasons, the Plaintiff seeks Declaratory and Injunctive Relief in the form of a restraining order, and damages for the defendants' actions in the fraud.

## II.        PARTIES

2.        The Plaintiff, Hakan Yalincak ("Hakan"), is a citizen of the Republic of Turkey and resident of the State of Rhode Island and Massachusetts.

3.        The Defendant, Cormac B. Meehan ("Meehan"), is a citizen and resident of the State of New York currently residing at 140 East 14th Street, New York, New York (NYU Palladium Dormitory).

## III.       JURISDICTION AND VENUE

4.        This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs; 28 U.S.C. §1332(a)(4) the Plaintiff is a citizen of a foreign country; and 28 U.S.C. §1367(a) supplemental, as well as, ancillary and pendant jurisdiction principles.

5.  Venue is proper in this Court pursuant to (a) 28 U.S.C. §1391(a)(1) because the defendant resides in this district; (b) 28 U.S.C. 1391(a)(2) a substantial part of the events or omissions giving rise to the claims occurred in the district; and (c) 28 U.S.C. 1391(a)(3) because the defendant is subject to personal jurisdiction in this district, and there is no district in which the action may otherwise be brought.

### IV.     STATEMENT OF FACTS

### A.      BACKGROUND

6.  Beginning from in or about November 2003 and continuing to the present, John Doe served as the Yalincak family's Executor, General Counsel, Trustee, and on May 3, 2004 formed The Omer Bulent Yalincak and Ayferafet Yalincak Family Foundation, Inc., a Delaware non-profit corporation, as well as, at least fifteen other corporate and/or limited liability entities. (A copy of the articles of formation from the Foundation and a corporate chart are collectively attached hereto as Exhibit A.)

7.  In or about December 2003, Meehan applied as an undergraduate student to the New York University Tisch School of the Arts (hereinafter referred to as the "University").

8.  In or about February 2004, Meehan auditioned for instructors at the University's Tisch School.

9.  On or about March 30, 2004, LaMorte visited John Doe's office located at 333 W. Wacker Drive, Suite 2700, Chicago, Illinois to discuss the contemplated Yalincak Family Gift and the admission of Meehan as a student at the University.

10. During the said meeting, amongst numerous misrepresentations, John Doe represented that Meehan was the "Irish Cousin" of the Plaintiff and that the Yalincak

4

Family Foundation's contemplated Gift was contingent upon his [Meehan's] acceptance to the University.

11.     On March 31, 2004 LaMorte e-mailed John Doe and stated as follows:

> "Dear Michael, I just wanted to thank you for having met with during my recent trip to Chicago. I am so glad I had the opportunity to see you again and talk further about the Yalincak's leadership gift for NYU. Needless to say, NYU is very eager and excited to finalize the agreement! The Yalincak's gift will certainly be transformative for NYU! I will be in touch shortly with some more information to hopefully help us move forward. In the meantime I send my sincerest thanks for your time, Michael. I enjoyed our visit and look forward to seeing you again soon— hopefully upon your next visit to New York! All the Best, Debra."

12.     Subsequently, on April 2, 2004, Meehan received a waitlist letter via Federal Express for admission into the University General Studies Program of the University (A copy of the waitlist letter is attached hereto as Exhibit B.)

13.     Subsequently, in or about May 2004, Meehan received an acceptance letter via Federal Express for admission.

14.     Subsequently, on July 2, 2004 and September 24, 2004 the Foundation entered into two Gift Agreements (collectively the "Agreements") providing for various cash and non-cash gifts over a number of years totaling $21 million. The said Agreements were negotiated by and between John Doe, LaMorte, and Kathy Schulz, Associate General Counsel to the University.

15.     Subsequently, on September 28, 2004, John Doe delivered to the University, pursuant to the aforementioned Gift Agreements $1.25 million in Funds.

**B.     FOUNDATION'S AWARD OF SCHOLARSHIP TO MEEHAN**

16.     The defendant, Meehan, also received a Scholarship Award on June 3, 2004 from the Foundation, signed by the law firm of Barack Ferrazzano Kirschbaum

Perlman & Nagelberg, LLP in the amount of $106,000.00. See, The Omer B. Yalincak and Ayferafet Yalincak Family Foundation v. Cormac B. Meehan, Case No. CV-06-5001386-S. (A copy of the Scholarship Application and Award is attached hereto as Exhibit C.)

17. The defendant subsequently received two disbursements from the Foundation totaling $16,000.000 ($1,000.00 in September 2004 and $15,000.00 in February 2005).

### C.     SUBSEQUENT DISCOVERIES

18. On Thursday April 28, 2005, Meehan attended a University celebration dinner on behalf of the Yalincak family and represented to University personnel that he was the "Irish Cousin" of the Plaintiff. Furthermore, Meehan inquired, that despite having failed his first Tisch Audition in February 2004, and subsequently, his second Tisch Audition in February 2005, about the possibility of his transferring to the New York University Tisch or Steinhardt School(s) due to his relationship to the Plaintiff.

19. Beginning on May 6, 2005, and continuing until the present the Plaintiff, Hakan Yalincak, began cooperating in an on-going investigation by the United States Department of Justice's Investigation into the collapse of the Daedalus Capital Relative Value Fund I, LLC (hereinafter the "Fund"). See, In Re: Chapter 7 Involuntary Daedalus Capital Relative Value Fund I, LLC, United States Bankruptcy Court for the Southern District of New York, Case No. 05-13790 (PCB). (A copy of an article entitled "Helping Feds May Lessen Time" by Sarah Portlock of the Washington Square News is attached hereto as Exhibit D).

20.     Upon information and belief, John Doe, as well as, certain other individuals are under investigation for violations of 18 U.S.C. §§§1341, 1343, 1956, and 18 U.S.C. §1961 et seq. ("RICO").

21.     On January 5, 2007, the Plaintiff was released pursuant to an Order Setting Conditions for Release entered by The Honorable Janet Bond Arterton, United States District Judge for the United States District Court for the District of Connecticut[4].

22.     From the beginning of this present controversy to the present, the Plaintiff has expended time, money, and resources to resolve the above issues to no avail. In fact, the defendant has not even responded to the Plaintiff's requests.

**D.      DEFENDANT'S FRAUD**

23.     In or about May 2004, the defendant, Meehan, submitted to the Foundation a back dated Scholarship application which contained numerous misrepresentations, including, without limitation: (a) Meehan's SAT Scores were 1540, when in fact the Foundation has learned from the College Board Electronic Testing Service ("ETS") Meehan's real SAT scores were in the 1100 range; (b) Meehan had been accepted by Syracuse University and Fordham University, when in fact he had not; (c) he had been admitted to the New York University on his own academic merit alone when in fact he had not; and (d) Meehan made inaccurate representations in the "Family/Household Information" Section of the Foundation Scholarship application.

---

[4] Initially, the Court, Margolis, M.J., entered an Order Setting Conditions for Release ("Order") on December 20, 2006. On appeal by the Government pursuant to 18 U.S.C. §3145(a)(1), the Court, Arterton, J., upheld the Order and Yalincak was released on bail with conditions pursuant to 18 U.S.C. §3143 on January 5, 2007.

24.     The Foundation has also learned that the defendants' parents, Edward and Margaret Meehan knew of Meehan's fraud and actively participated by not correcting material misrepresentations, inaccuracies, and omissions of material facts so the fraud by Meehan, the least of which was his representation that he is an "Irish Cousin" of the Plaintiff, would not be discovered. To be clear, the Plaintiff has never had an "Irish Cousin" and the Yalincak Family is not aware of any mysterious relatives of Irish origin.

25.     Subsequently, the Foundation as permitted by the Scholarship Agreement rescinded the said Scholarship on January 4, 2006.

26.     Subsequently, the Foundation as permitted by the Scholarship Agreement commenced action against Meehan, alleging, inter alia, declaratory relief, rescission/unjust enrichment, fraud, and statutory theft. See, The Omer B. Yalincak and Ayferafet Yalincak Family Foundation v. Cormac B. Meehan, Case No. CV-06-5001386-S.

27.     Subsequently, the Foundation commenced action against John Doe, alleging, inter alia, fraud, breach of contract, breach of fiduciary duty/constructive fraud, and statutory theft. See, The Omer B. Yalincak and Ayferafet Yalincak Family Foundation v. Thomas Capital Management et al, Case No. CV-06-5000975-S. On July 21, 2006, judgment was entered in favor of the Foundation.

28.     Subsequently, the family commenced action against John Doe, through an entity he formed and formerly managed, entitled HMMH Holdings, LLC ("HMMH"), a Delaware limited liability company, entitled HMMH Holdings, LLC v. Ralph

Hallenborg, et al Case No. CV-06-5001446-S. On July 21, 2006 judgment was entered in favor of HMMH.

29.     On April 18, 2006, May 11, 2006, June 21, 2006, October 4, 2006, and October 27, 2006, the Plaintiff and the Foundation requested that Meehan forthwith, (a) cease and desist from representing himself to be a member of the Yalincak family to the University; (b) return and/or repay, any and all funds and/or property received from the Plaintiff, and/or any member of his family; and (c) immediately terminate his attendance at the New York University. (A copy of the said letters is collectively attached hereto as Exhibit E.)

30.     On June 14, 2005, April 27, 2006, June 23, 2006, July 7, 2006, and August 2, 2006, the Plaintiff and the Foundation requested that New York University terminate Meehan's admission in the University's General Studies Program. The June 23, 2006 letter to Edward C. Dolan, Esq., Hogan & Hartson, L.L.P., outside counsel for the New York University, stated in relevant part, as follows: "I have reviewed the Gift Agreement, including numerous email exchanges between Mr. Legamaro and Mrs. Debra LaMorte and/or Kathy Schulz, Esq., and I cannot ascertain what benefit, if any, that either Mr. Yalincak or his family or the Foundation, received as a result of the "gift" to New York University. On behalf of Mr. Yalincak, I would greatly appreciate it and hereby request that New York University forthwith terminate Mr. Meehan from New York University's General Studies Program." (A copy of the above letters is attached hereto as Exhibit F.)

31.     The Plaintiff has also learned that the defendant had used the SACS Global Trust & Mortgage, LLC f/k/a Greenwich Global Trust & Mortgage, Inc.,

9

Alaron Trading Corporation, Inc. trading account number 25486 and caused $424,000.00 in trading losses[5]. (A copy of a letter dated April 18, 2006 to the defendant is attached hereto as Exhibit G.)

32. The Plaintiff has also learned that the defendant had used credit cards belonging to the Plaintiff and caused a total of $19,294.11 damages to the Plaintiff. See, 15 U.S.C. §1602(o) ("The term 'unauthorized use,'...means a use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit.") See, also, Exhibit G.

33. The Plaintiff has also learned that when the defendant borrowed $13,400.00 from the Plaintiff in 2003 for legal and personal expenditures that he had no intention of repaying the said sums. Upon information and belief, Meehan further concealed the fact that he has a prior criminal conviction from the defendant and his family. (A copy of a letter from prior counsel to the defendant is attached hereto as Exhibit H.)

34. The Plaintiff has also learned that the defendant was previously under investigation in connection with certain actions on certain internet cites, including without limitation, yahoo chat groups[6]. (A copy of a letter from the Foundation is attached hereto as Exhibit I.)

35. The Plaintiff continues to suffer irreparable harm and damages as a result of the defendants actions.

---

[5] The Plaintiff is the managing member of SACS Global Trust & Mortgage, LLC f/k/a Greenwich Global Trust & Mortgage, Inc.
[6] See also, Michael Sherman, Esq., Sherman, Richichi, & Hickey, LLC Letters

36. The Plaintiff has been forced to expend time, money, and resources to address the various issues arising from the defendant's actions.

37. The Plaintiff has exhausted all administrative remedies and absent declaratory and injunctive relief will so continue to be damaged.

## V. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### (DECLARATORY AND INJUNCTIVE RELIEF)

38. The Plaintiff hereby repeats and realleges each and every allegation set forth in Paragraphs 1-37, above, as if fully set forth herein.

39. By reason of the foregoing, Yalincak is entitled to recover, from Meehan, damages in the amount of $1,250,000.00, for the fraudulent funds given to the University, for which Yalincak is now liable, together with damages of $424,000.00 caused as a result of the defendant's conversion of the aforementioned trading account, and $19,294.11 caused as a result of the defendant's unauthorized use of Yalincak's credit cards for total monetary damages of at least $1,693,294.11 with interest thereon and Yalincak's costs of collection.

40. As a result of the foregoing and the immediate risk of continuing harm and damage to Yalincak, Yalincak asks the Court for an Order attaching and prohibiting the transfer of any and all assets in the amount of $1,693,294.11, including, without limitation, bank accounts (including, without limitation, defendant the Cormac B. Meehan's JP Morgan Chase Bank Account, located in New York, New York), car,

home or office property (real property), and any investment accounts or property, income, salary, or wage payable to Meehan[6].

## SECOND CLAIM FOR RELIEF

## (CONVERSION)

41.     The Plaintiff hereby repeats and realleges each and every allegation set forth in Paragraphs 1-40, above, as if fully set forth herein.

42.     The defendant Meehan's unauthorized trading in the SACS Global Trust & Mortgage, LLC f/k/a Greenwich Global Trust & Mortgage, Inc. Alaron Trading Corporation account and unauthorized use of the aforementioned credit cards constitutes an authorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's right[7].

43.     By reason of the foregoing, Yalincak has been damaged in the amount of at least $443,294.33, or such other amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

## (UNJUST ENRICHMENT)

44.     The Plaintiff hereby repeats and realleges each and every allegation set forth in Paragraphs 1-43, above, as if fully set forth herein.

45.     By reason of the foregoing, the defendant has been unjustly enriched in the amount of $1,693,294.11, or such other amount to be determined at trial.

---

[6] See, Federal Rules of Civil Procedure 65. See also, Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d. Cir. 1999) ("To justify the issuance of preliminary injunctive relief, a party must ordinarily show that it will suffer irreparable harm and either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground of litigation and a balance of hardships that tips decidedly in the movant's favor.")
[7] See Macomber v. Travelers Property and Cas. Corp., 261 Conn. 620, 649, 804 A.2d 180, 199 (Conn. 2000).

## VI.     PRAYERS FOR RELIEF

WHEREFORE, the premises considered, the Plaintiff prays for relief and judgment, against the defendant, as follows:

1.     On the first claim for relief, a judgment declaring that Meehan is obligated to pay Yalincak $1,693,294.11 plus interest (x) thereon at the federal judgment rate from the date of receipt until the date of payment; an Order attaching and prohibiting the transfer of any and all assets in the amount of $1,693,294.11, including, without limitation, bank accounts (including, without limitation, defendant Cormac B. Meehan's JP Morgan Chase Bank Account, located in New York, New York), car, home or office property (real property), and any investment accounts or property, income, salary, or wage payable to Meehan[8]; directing that the defendant Meehan immediately cease and desist from representing himself to be an "Irish Cousin" or member of the Yalincak family; and directing that the defendant Meehan terminate forthwith his admission to the University.

2.     On the second claim for relief, damages in the amount of at least $443,294.33, or such other amount to be determined at trial, plus interest (x) thereon at the federal judgment rate from the date of receipt until the date of payment.

3.     On the third claim for relief, damages in the amount of at least $1,693,294.11, together with compensatory, exemplary, incidental, punitive, and statutory/treble damages as permitted by applicable law.

---

[8] See, Federal Rules of Civil Procedure 65. See also, Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d. Cir. 1999) ("To justify the issuance of preliminary injunctive relief, a party must ordinarily show that it will suffer irreparable harm and either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground of litigation and a balance of hardships that tips decidedly in the movant's favor.")

4.  Such other and further relief, both legal and equitable, as this Court, in its discretion, may deem just and proper, together with costs and disbursements of this proceeding.

## DEMAND FOR JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury as to all issues so triable.

Date: 1/29/2007

Respectfully submitted,
HAKAN YALINCAK,

Hakan Yalincak, Pro Se
c/o Bernard M. Grossberg
30 Woodland St.
Suite 11-I
Hartford, CT 06105
(860) 247-0138 Tel.
(617) 737-8223 Fax.
bgrossberg@grossberglaw.com

14

## ORDER RE: DISCLOSURE STATEMENT

ANY NON- GOVERNMENTAL CORPORATE PARTY TO AN ACTION IN THIS COURT SHALL FILE A STATEMENT IDENTIFYING ALL ITS PARENT CORPORATIONS AND LISTING ANY PUBLICLY HELD COMPANY THAT OWNS 10% OR MORE OF THE PARTY'S STOCK. A PARTY SHALL FILE THE STATEMENT WITH ITS INITIAL PLEADING FILED IN THE COURT AND SHALL SUPPLEMENT THE STATEMENT WITHIN A REASONABLE TIME OF ANY CHANGE IN THE INFORMATION. COUNSEL SHALL APPEND A CERTIFICATE OF SERVICE TO THE STATEMENT IN COMPLIANCE WITH D. CONN. L. R. 5(C).

COUNSEL FOR THE PLAINTIFF OR REMOVING DEFENDANT SHALL BE RESPONSIBLE FOR SERVING A COPY OF THIS ORDER UPON ALL PARTIES TO THE ACTION.

BY ORDER OF THE COURT


KEVIN F. ROWE, CLERK

(effective January 1, 2003)